**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    v.                                                     **Case No. 09-CR-20**

**LEWIS JUDKINS,**
        **Defendant.**

---

## ORDER

On February 11, 2010, defendant Lewis Judkins pleaded guilty to conspiracy to possess with intent to distribute and distribute 5+ kilograms of cocaine and 50+ grams of crack cocaine. At his May 26, 2010, sentencing hearing, I adopted a base offense level of 34 based on a drug weight of 15-50 kilograms of cocaine, U.S.S.G. § 2D1.1(b)(3); added 4 levels based on defendant's aggravated role in the offense, U.S.S.G. § 3B1.1(a); and then subtracted 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final level of 35. Coupled with defendant's criminal history category of III, I adopted a guideline imprisonment range of 210-262 months. On consideration of the factors set forth in 18 U.S.C. § 3553(a), I sentenced defendant to 180 months in prison. The Seventh Circuit dismissed his direct appeal of the sentence as frivolous. United States v. Judkins, 405 Fed. Appx. 61 (7th Cir. 2010).

On July 24, 2012, defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. After receiving a response from the government and a reply from defendant, I denied the motion. Judkins v. United States, No. 12-C-759, 2013 WL 1130484 (E.D. Wis. Mar. 18, 2013). Defendant took no appeal from the denial.

On July 1, 2013, defendant filed a letter arguing that I violated the rule announced in

Alleyne v. United States, 133 S. Ct. 2151 (2013) by finding that the drug weight was 15-50 kilograms and that he occupied a leadership role. He contends that a jury should have made these findings and asks that the letter be filed as his § 2255 motion on these issues.[1]

The law provides federal prisoners with one full opportunity to seek relief under § 2255. E,g., Vitrano v. United States, 721 F.3d 802, 806 (7th Cir. 2013). Second or successive collateral attacks must be authorized by the court of appeals, 28 U.S.C. § 2255(h), and the district court must dismiss for lack of jurisdiction additional § 2255 motions filed without appellate permission, see, e.g., Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). Defendant has already litigated a § 2255 action, and he has not obtained permission for another.

**THEREFORE, IT IS ORDERED** that defendant's letter-motion (R. 197) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] Alleyne holds that any fact that increases a mandatory minimum is an element that must be submitted to the jury. 133 S Ct. at 2155. However, judges remain free to make findings under the advisory sentencing guidelines within the statutory limits. See, e.g., United States v. Hernandez, No. 12-1719, 2013 WL 4804323, at *5 (7th Cir. Sept. 10, 2013). Defendant's guilty plea established the facts necessary for the 10 year mandatory minimum in his case; I made no findings that increased the statutory range (the ceiling or the floor).